UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSHUA CAYO,<br>    Plaintiff,<br><br>v.<br><br>DARRIN J. FITZPATRICK, JAMES KELLY,<br>DAVID MARTIN, FRANKLYN Z. McNEIL,<br>RICHARD WARD, DAVID ARROYO,<br>MISRAEL J. RODRIGUEZ, DEAN FAY,<br>JUAN OCASIO, ANTHONY TYLER,<br>WILLIAM J. FITCHET, and<br>THE CITY OF SPRINGFIELD,<br>    Defendants. | CIVIL ACTION<br>NO. 13-30113-TSH |

## ORDER AND MEMORANDUM OF DECISION
March 24, 2015

**HILLMAN, D.J.**

### Background

Joshua Cayo ("Cayo") has filed a federal civil rights claim under 42 U.S.C. §1983 against: Springfield Policer Officers Darrin J. Fitzpatrick, James Kelly, David Martin, Franklyn Z. McNeil, Richard Ward, David Arroyo, Misrael J. Rodriguez, Dean Fay ("Officer Fay"), Juan Ocasio ("Officer Ocasio"), and Anthony Tyler ("Officer Tyler")(collectively,"Individual Officers"); William J. Fitchet, in his capacity as the Commission of the Springfield Police Department ("Commissioner Fitchet"); and The City of Springfield ("City"). Cayo has alleged claims against the Individual Officers for unlawful arrest, excessive force, malicious prosecution, conspiracy to violate his civil rights, and denial of medical attention, in violation of the First, Fourth, Fifth and/or Eighth Amendments of the United States Constitution. Cayo

has alleged a municipal claim against the City and a claim against Commissioner Fitchet on the grounds that the violation of his rights was as the result of an unconstitutional City custom or policy and/or failure to adquately train, supervise, control investigate, or discipline the individual officers.   Cayo has also alleged state law tort claims for assault and battery, abuse of process, reckless and/or intential infliction of emotional distress, and negligence under the Massachusetts Tort Claims Act, Mass.Gen.L. ch. 258. Cayo is suing the police officers in their individual and official capacities.

This Order addresses the Motion Of The Defendants Dean Fay, Juan Ocasio and Anthony Tyler To Dismiss The Claims Agsainst Them In The Plaintiff's Amended Complaint (Docket No. 40) and Defendants', City of Springfield and Police Commissioiner William Fitchet, Motion For Summary Judgment As To Count IX Of The Plaintiff's Complaint (Docket No. 46).   For the reasons set forth below, the motions are denied.

## **Discussion**

### *The Motion To Dismiss*

#### *Standard of Review*

Officers Fay, Ocasio and Tyler seek to dismiss the claims against them on the grounds that they are barred by the applicable statute of limitations.   On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom."   *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).   To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).   That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011). A motion to dismiss premised on the running of the applicable statute of limitations will be granted "when the pleader's allegations 'leave no doubt that an asserted claim is time-barred.'" *Gorelik v. Costin*, 605 F.3d 118, 121 (1st Cir. 2010)(cite to quoted case omitted).

## *Relevant Facts*

On Thursday, June 19, 2010, at approximately 3:30 a.m., Cayo was driving on Paramount Street in Springfield, MA with a friend (Cayo was the driver). Two men approached his vehicle in a suspicious manner. The men began yelling, "get the f*ck out of the car." One of the men struck the side of Cayo's vehicle with an unknown object. Cayo's friend told him that they needed to get out of there quickly or "these guys are going to kill us." Cayo, fearing for their lives, began driving away—as he did so, one of the men banged on his windshield shattering it, creating a large crack on the driver's side. The two men never identified themselves as police officers, nor did they display any police identification.

3

Following his friend's instructions, Cayo drove away intending to get to the nearest police station to report the attack. A police cruiser driving in the opposite direction turned around, came up behind Cayo's vehicle and activated its blue lights. Cayo pulled over and he and his friend got out of their vehicle to seek help. A police officer yelled, "get the f*ck back in the car." Cayo and his friend got back in the vehicle. The officer then yelled for the passenger to get out of the car. After his friend got out, a second officer approached Cayo, swore at him several times, and told him to put his hands were he could see them. Cayo got out of his vehicle with his hands up and was ordered to get on the ground. Cayo was forced to the ground and handcuffed. Cayo was asked if he had ever been arrested before and told the officers no. Cayo asked if he had been drinking and responded "no, I'm only 20." He also denied being "high."

Cayo was picked up from the ground by the handcuffs and brought to the front of the police cruiser. He was approached by several police officers (several other police cruisers had arrived on the scene) pushed to the ground, beaten and kicked. One of the officers hit Cayo with a large flashlight on his head and torso. During the beating, the officer called Cayo names and swore at him. After the beating stopped, the officers pulled Cayo up and ordered him to sit on the ground with his legs crossed. Cayo was told by the officers that he was lucky to be alive and one officer told him that "if I didn't have a badge on me, you he would be dead." Cayo was bleeding from the head, rocking back and forth and physically shaking. He was having trouble breathing and was unable to see clearly.

EMTs arrived on the scene and began treating Cayo. One of the EMTs asked Cayo if he wanted to go to the hospital. However, at that instant, one of the police officers standing behind Cayo stepped on his handcuffs crushing them between the officer's feet and the ground.

Cayo felt too intimidated to tell the EMT he wanted to go to the hospital. Cayo signed an electronic tablet for the EMT and was then pushed into a police cruiser. He was driven in the cruiser onto a dark street. The cruiser stopped and the two officers got out of the cruiser, opened the back door and began assaulting Cayo— pushing, punching and kicking him. Cayo pleaded for the officers to stop beating him. He kept his eyes closed throughout the beating. Once they stopped beating him, the officers returned to the front seat of the cruiser and drove to the police station. When they arrived at the police station, Cayo was afraid of what the officers might do to him, so he told the booking officer that he received his injuries when he struck the ground exiting his vehicle.

Cayo was charged with six crimes, including attempted murder. He was held in jail until his arraignment the following Monday. All charges were either *nolle prosequi* or a not guilty finding was entered after a three day jury trial which ended January 12, 2012. Cayo suffered multiple contusions, right hand pain, facial lacerations and has a permanent scar on his face resulting from the beatings inflicted by the police officers.

<u>Whether Cayo's Claims Against Officers Fay, Ocasio and Tyler Are Time Barred</u>[1]

It is undisputed that all of the claims asserted by Cayo, both state and federal, have a three years statute of limitations. The parties are also are seemingly in agreement that *all*

---

[1] Cayo asserts that the motion to dismiss should be denied as untimely, and that "default judgment" should enter against Officers Fay, Ocasio and Tyler. In support, he argues that a responsive pleading was required to be filed by these Defendants within fourteen days of the filing of the amended complaint, *i.e.*, on or before February 13, 2014. However, Cayo's assertion is based on a misreading of this Court's rules. The Rules of Federal Procedure provide that a responsive pleading must be filed "within … 14 days *after service* of the amended pleading … ;" ***not*** the filing of the amended pleading. Fed.R.Civ.P. 15(a)(3)(emphasis supplied). While the Court Docket reflects that summonses were issued for Officers Fay, Ocasio and Tyler, the docket does not reflect when service of process was completed. At the hearing on this matter, counsel for these Defendants reported that they had agreed to waive service and instead, were provided with a waiver of service which stated that they had sixty days to respond. Counsel represented that the motion to dismiss was filed within the sixty days. On this record, I find that Cayo cannot establish that the motion to dismiss was untimely. Even if it were, entry of default judgment would not be warranted as before default judgment can enter, a party must first be defaulted. *See* Fed.R.Civ.P. 55.

5

claims accrued on June 19, 2010 and the resolution of whether all claims relate back to the filing of the original complaint is determined pursuant to Fed.R.Civ.P. 15(c)(1)(C). I disagree with the latter two assumptions.

*Whether Cayo's Claims Against Officers Fay, Ocasio and Tyler Were Filed After The Applicable Statute Of Limitations Had Expired*

The determination of when the statute of limitations begins with respect to Cayo's claims is determined by federal law. *See Gorelik*, 605 F.3d at 122-23. With respect to Cayo's Section 1983 claims for false arrest and unlawful imprisonment, excessive force and denial of medical attention, the statute of limitations began to run when he was "released or detained pursuant to legal process." *Holmes v. Meleady*, 738 F.Supp.2d 196 201-02 (D.Mass. 2010). Cayo's warrantless arrest occurred on June 19, 2010 and therefore, these claims accrued on June 19, 2013. Likewise, Cayo's state law tort claims for assault and battery, reckless and/or intentional infliction of emotional distress and negligence also accrued on that date. Officers Fay, Ocasio and Tyler are correct that the statute of limitations had run on these claims at the time that Cayo's amended complaint was filed and therefore, these claims are time-barred, unless under applicable law, they relate back to the original complaint.

"A federal constitutional claim of malicious prosecution…accrues upon termination of the criminal proceedings against the would be plaintiff." *Id.*, at 202. The criminal proceedings against Cayo ended on January 12, 2012 and the statute of limitations began to run on that date. Accordingly, his Section 1983 claim for malicious prosecution and his state law claim for abuse of process accrued on or about January 12, 2015. Therefore, these claims are not time-barred. Turning to Cayo's claim for conspiracy to violate his civil rights, the statute of limitations runs separately from each action constituting a civil rights violation that causes actual damage to the

plaintiff. *Nieves v. McSweeney,* 73 F.Supp.2d 98, 102 (D.Mass.1999). Therefore, the statue of limitations for Cayo's civil rights conspiracy claims had run at the time of the filing of the amended complaint, *except* to the extent they involve his claim for malicious prosecution. The issue now becomes whether those causes of action for which the statute of limitations had run at the time of the filing of the amended complaint must be dismissed as time-barred because under applicable law, they do not relate back to the filing of Cayo's original complaint.

*Whether Cayo's Claims Against Officers Fay, Ocasio and Tyler Relate Back*

When a plaintiff asserts claims against a new defendant that would otherwise be outside the statute of limitations, such claims are not time-barred if they relate back to the original complaint.[2] The Court looks to Fed.R.Civ.P. 15(c)(1) to determine when an amendment relates back. As stated previously, both parties have assumed that Rule 15(c)(1)(C) applies to determine whether Cayo's claims against these officers relates back to the filing of his original complaint. "Rule 15(c)(1)(C) allows for relation back when: (1) the claim 'arose out of the same conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading'; (2) the new party 'received such notice of the action that it will not be prejudiced in defending on the merits'; (3) the party being added received such notice within the time period of Rule 4(m), 120 days; and (4) the party being added 'knew or should have known [within the

---

[2] That Cayo was allowed to file the amended complaint does not determine the question of whether it relates back to the filing of the original complaint—under federal law, that issue remains open for later adjudication. *See Pessotti v. Eagle Mfg. Co.*, 946 F.2d 974, 977 (1st Cir. 1991). Although the relevance will not be apparent until later in opinion, I will note that the Massachusetts Court of Appeals ("MAC") has held that the discretion afforded a judge to determine whether a complaint relates back can only be properly exercised *during the motion to amend stage* and therefore, a defendant who did not challenge his addition as a party once served, is thereafter barred from asserting that amended complaint did not relate back to the original pleading. *Financial Serv., Inc. v. Rego*, 86 Mass.App.Ct. 1120, 19 N.E.3d 867 (2014). Given that these Defendants seek to dismiss the amended complaint in the first instance, despite the MAC's broad language, this case is arguably distinguishable from *Rego*.

Rule 4(m) time period] that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Palacio v. City of Springfield*, 25 F.Supp.3d 163 (D.Mass. 2014)(citation to quoted case omitted). The parties have spent a great deal of time arguing whether these requirements have been met-- primarily focusing their arguments on whether Cayo knew or should have known of these officers identities prior to filing his original complaint because the identities of these officers was made known to his defense attorney(s) at the time of the state criminal proceedings in 2012. The parties' focus is misplaced. The parties should instead have focused on the applicability of Rule 15(c)(1)(A) which provides that an amendment relates back to the date of the original pleading when: "the law that provides the applicable statute of limitations allows relation back." *Id.*

In this case, Massachusetts law provides the applicable statute of limitations, including the statute of limitations for the Section 1983 claims.[3] Reading Rule 15(c)(1)A) and Rule 15(c)(1)(C) together, if Massachusetts law provides for a more liberal relation back rule than afforded by Rule 15(c)(1)(C), then the Massachusetts relation back rule must be applied to determine whether Cayo's claims against these Defendants are time-barred. *See Morel v. DaimlerChrysler AG,* 565 F.3d 20, 26 (1st Cir.2009)(Rule 15(c)(1)(A) "cements in place a one-way ratchet; less restrictive state relation-back rules will displace federal relation-back rules, but more restrictive state relation-back rules will not."); *Palacio*, 25 F.Supp.3d at 167. Under Massachusetts law, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

---

[3] Congress did not include a statute of limitations in Section 1983 statutory scheme. Instead, "the relevant limitations period is that which governs general personal injury claims in the state where the claims arose." *Id.* As acknowledged by the parties, the applicable statute of limitations for Section 1983 claims arising in Massachusetts is three years.

original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.". Mass.R.Civ.P. 15(c)[4.] At the same time, Massachusetts courts have cited multiple factors which they deem relevant to determining whether to allow a motion to amend the complaint to add a new party, including variants of the following: "(1) whether an honest mistake had been made in selecting the proper party; (2) whether joinder of the real party in interest had been requested within a reasonable time after the mistake was discovered; (3) whether joinder is necessary to avoid an injustice; and (4) whether joinder would prejudice the nonmoving party." *Berman v. Linane,* 434 Mass. 301, 748 N.E.2d 466, 470 (2001); *see* also *Herrick v. Essex Regional Retirement Bd.*, 68 Mass.App.Ct. 187, 861 N.E.2d 32 (2007)(court has discretion to deny motion to amend complaint to add/substitute party under Mass.R.Civ.P. 15(c) and Mass.Gen.L. ch. 231,§51 based on considerations of unjust delay, bad faith, or undue prejudice).[5]

There is no dispute that the claims against Officers Fay, Ocasio and Tyler arise out of the same conduct, transaction or occurrence as the claims asserted in the original pleading. Therefore, the Court must determine whether Cayo's failure to name these Defendants in his original pleading was done in bad faith, whether he unduly delayed naming them and whether

---

[4] A plaintiff seeking to add a new party under Massachusetts law must also look to Mass.Gen. L. ch. 231,§51, which provides: "In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading."

[5] From a review of the cases applying the Massachusetts relation back rule, it is not at all clear to me that it is necessary to apply these factors. Many courts hold that claims against a new defendant relate back, as a matter of law, if such claims arise out of the same conduct, transaction or occurrence as the claims in the original pleading without regard to the aforementioned factors. *See, e.g., Sigros v. Walt Disney World, Co.*, 190 F.Supp.2d 165 (D.Mass. 2002); *Stark v. Patalano Ford Sales, Inc.,* 30 Mass.App.Ct. 194, 567 N.E.2d 1237 (1991) Because I find that the claims relate back in this case applying the factors, it is not necessary for me to resolve this issue.

9

they have been unduly prejudiced by the delay. While the parties did not apply the Massachusetts relation back rule, in the context of their arguments regarding the application of Rule 15(c)(1)(C), they discuss whether most, if not all, of these factors favor a finding that the claims against these Defendants relate back to Cayo's original complaint.

Cayo filed his original complaint on June 17, 2013. On August 5, 2013, he filed his first motion to amend his complaint to correct the name of one of the Defendants; that motion was allowed. On January 28, 2014, Cayo filed an assented to motion to further amend his complaint to add Officers Fay, Ocasio and Tyler as Defendants. In support, Cayo represented that it was not until the discovery process that he learned that theses officers were on the scene and involved in the alleged incident. That motion was allowed and the amended complaint was filed on January 30, 2014. Officers Fay, Ocasio and Tyler argue that the claims against them do not relate back to the original pleading because Cayo knew, or at least had constructive notice, of their identity prior to filing his original complaint and therefore, his failure to name them as parties until the filing of the amended complaint in January 2014 constitutes undue delay. More specifically, they point out that their names were included in discovery provided to Cayo's counsel in his criminal prosecution, as well as in court filings in that trial. They also represent that none of them was even aware of the civil action until February 2014, when contacted by counsel. At the same time, none of these officers has pointed to any particular prejudice suffered by them as the result of Cayo failing to name them in the original pleading.

Cayo represents that he only become aware of the identities of these officers during the course of discovery (counsel in the civil action was not the same counsel as in the criminal action), and that he promptly amended his complaint to include them. He suggests that it is unlikely that Officers Fay, Ocasio and Tyler were unaware of the lawsuit given that their fellow

10

officers involved in the incident were all named and they were aware of the internal investigation conducted by the Springfield Police Department.

I agree with Officers Fay, Ocasio and Tyler that Cayo was at least on constructive notice of their identities as the result of his criminal prosecution. However, I do not find that either Cayo or his counsel in this action was actually aware of their identities. For that reason, I do not find that Cayo has acted in bad faith. Furthermore, I do not find that Officers Fay, Ocasio and Tyler have been unduly prejudiced by being brought into the suit approximately six months after the expiration of the statute of limitations. For these reasons, I find that under applicable law, those claims against Officers Fay, Ocasio and Tyler that would otherwise be time-barred relate back to Cayo's original complaint. For the reasons set forth above, the motion to dismiss is denied.

### *Whether Summary Judgment Should Enter For The City and Commissioner Fitchet On Count IX Of The Complaint*

The Court does not find that on this record, it would be beneficial to undertake an analysis of the municipal and supervisory claims against the City and Commissioner Fitchet. It is the Court's intent to bifurcate the trial. The Section 1983 claim against the Individual Officers will be tried first. If the jury finds that any Individual Officer committed a constitutional violation, the Court will then schedule a separate trial on the supervisory and municipal claims. Prior to such trial, the Court will allow the City and Commissioner Fitchet to renew their motion for summary judgment.

**Conclusion**

It is hereby Ordered that:

1. the Motion Of The Defendants Dean Fay, Juan Ocasio and Anthony Tyler To Dismiss The Claims Against Them In The Plaintiff's Amended Complaint (Docket No. 40) is ***denied***; and

2. Defendants', City of Springfield and Police Commissioner William Fitchet, Motion For Summary Judgment As To Count IX Of The Plaintiff's Complaint (Docket No. 46) is ***denied***, without prejudice to these defendants renewing the motion at later date.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**